UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DAMON EPPS, P53887, | Case No. 17-cv-07048-CRB  (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| SALINAS VALLEY DEPARTMENT OF STATE HOSPITAL, et al., | (ECF No. 8) |
| Defendant(s). | |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging "swelling, pain and itching" after he received a "Haloperidol Deconate injection 300 mg to right buttock."  Compl. (ECF No. 1) at 3.  According to plaintiff, he has taken this injection for years without problem, but Dr. Strieble improperly changed the dosage from 250 mg to 300 mg and had him take the shot on "7-14-17 instead of waiting" until "7-20-17."  Id.  Plaintiff also seeks appointment of counsel under 28 U.S.C. § 1915.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

2   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3   violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S.
    42, 48 (1988).

4   B.      Legal Claims

5           Deliberate indifference to serious medical needs violates the Eighth Amendment's

6   proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

7   A "serious medical need" exists if the failure to treat a prisoner's condition could result in further
    significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974

8   F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other

9   grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison

10  official is "deliberately indifferent" only if he knows that a prisoner faces a substantial risk of

11  serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v.

12  Brennan, 511 U.S. 825, 837 (1994).

13          Neither negligence nor gross negligence warrant liability under the Eighth Amendment.

    Id. at 835-36 & n.4. An "official's failure to alleviate a significant risk that he should have
14
    perceived but did not . . . cannot under our cases be condemned as the infliction of punishment."
15
    Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its
16
    effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152

17  F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison

18  officials violate their constitutional obligation only by "intentionally denying or delaying access to

19  medical care." Estelle, 429 U.S. at 104-05.

20          Plaintiff's allegations that he suffered swelling, pain and itching after Dr. Strieble changed

    plaintiff's Haloperidol Deconate injection dosage from 250 mg to 300 mg, and had the injection
21
    administered to plaintiff several days too early, may be enough for plaintiff to pursue a negligence
22
    or medical malpractice claim against Dr. Strieble in state court, but they are not enough to state a
23
    deliberate indifference to serious medical needs claim under § 1983 against Dr. Strieble in federal

24  court. See Farmer, 511 U.S. at 835-36 & n.4; see also Toguchi v. Chung, 391 F.3d 1051, 1060-61

25  (9th Cir. 2004) (a claim of negligence or medical malpractice insufficient to make out 8th

26  Amendment violation). There is no indication whatsoever that Dr. Strieble's alleged shortcomings

    were wanton so as to implicate the Eighth Amendment. Cf. Wilson, 501 U.S. at 302-03.
27
                                            **CONCLUSION**
28
    For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to

                                                    2

state a claim upon which relief may be granted, and plaintiff's motion for appointment of counsel (ECF No. 8) is DENIED as moot.

**IT IS SO ORDERED**.

Dated: March 12, 2018

_____

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 ROBERT DAMON EPPS,

Plaintiff,

Case No. 3:17-cv-07048-CRB

8

9 v.

**CERTIFICATE OF SERVICE**

10 SALINAS VALLEY DEPARTMENT OF
STATE HOSPITAL, et al.,

11 Defendants.

12

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

District Court, Northern District of California.

14

15

16 That on March 12, 2018, I SERVED a true and correct copy(ies) of the attached, by

placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

17

18 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

receptacle located in the Clerk's office.

19

20 Robert Damon Epps ID: P53887
Salinas Valley State Prison

21 P.O. Box 1050
Soledad, CA 93960-1050

22

23

24 Dated: March 12, 2018

25 Susan Y. Soong
Clerk, United States District Court

26

27 By:_____
Lashanda Scott, Deputy Clerk to the

28 Honorable CHARLES R. BREYER

4